RUSSELL, Respondent, v. LYNCH, Appellant.

1. A slave was placed in a private jail-yard for safe keeping. The bailor at the time knew, through occasional visits to the yard, that a negro boy watched at the door of the enclosure and opened the same for purposes of ingress and egress. *Held,* that this fact would not, in an action to recover damages for the escape of the slave through negligence on the part of the jailor, prevent the bailor from complaining of the trust reposed in the negro boy as an act of negligence.

*Error to St. Louis Court of Common Pleas.*

*S. T. & A. D. Glover,* for appellant, cited Story on Bailment, § 74 ; 13 Ala. 558 ; 38 Maine, 55.

*Shepley,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

The only point made by the defendant in this court is the refusal of the court below to give the following instruction : " If the plaintiff knew before or at the time of placing the slave mentioned in the petition that a negro boy belonging to the defendant watched at the outer door of the defendant's enclosure in which the said negro was placed and opened the same for the purposes of ingress and egress, she can not now complain of such trust to the negro boy as an act of negligence on the part of the defendant."

The principle stated in Story on Bailments, § 74, is cited by the defendant to show that the court below erred in refusing the foregoing instruction. The principle is, that if a depositor agree that the goods may be kept in a particular place, as on a ship's deck, or in a ship's cabin, he can not afterwards object that the place was not a safe one, for his assent amounts either to a qualification of the contract for safe custody, or to an agreement that for all the purposes of the deposit the place shall be deemed sufficiently safe. The case of Hatchett v. Gibson, 13 Ala. 588, cited by the defendant, determined that if, after a contract to store cotton in a fire-proof warehouse, the owner of the cotton discharges the bailee from the obligation of completing such a warehouse, and consents that his cotton may be stored in a house which is not fire-proof, such consent can not be withdrawn after a loss has occurred. The case of Knowles v. The Atlantic & St. Lawrence R. R. Co., 38 Maine, 55, holds, that when the bailor or depositor not only knows the general character and habits of the bailee, but the place where and the manner in which the goods deposited are to be kept by him, he must be

presumed to assent in advance that his goods shall thus be treated, and if under such circumstances they are damaged or lost, it is by his own fault or folly. Now the principle of these cases is not applicable to the circumstances of that under consideration. There is nothing in it which shows that the plaintiff consented to any relaxation of the care and diligence necessary for the safe keeping of her slave. Nobody would have inferred from the casual circumstance that a negro boy opened the gate of the prison-yard on two or three occasions, when it was visited by the plaintiff's agent, that the boy was the keeper of the prison and had the care of the slaves committed to it. So slight an occurrence, one which is so little calculated to attract attention, can never be the foundation for an assent on the part of the owner of the slave that such boy should be the keeper of the prison during the confinement of her slave.

Judge Napton concurring, judgment affirmed, Judge Richardson not sitting.